**Aroldo GIRON–SANDOVAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73974.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided April 1, 2004.

Linnette Tano Clark, Law Office of Linnette Tano Clark, Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, James A. Hunolt, Esq., Emily A. Radford, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner Aroldo Giron–Sandoval, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the conclusion of the immigration judge ("IJ") that Petitioner was barred from seeking asylum due to his untimely filing of the application for asylum. Petitioner contends that the IJ erred in determining that he could not demonstrate the requisite likelihood of persecution to justify granting the application for asylum or withholding of removal. In addition, Petitioner alleges constitutional error in the BIA's summary affirmance of the IJ's decision.

This panel has no jurisdiction over the issue of whether petitioner timely filed his asylum application. Under 8 U.S.C. § 1158(a)(3), "[n]o court shall have jurisdiction to review any determination" that an alien failed to file an application for asylum in a timely fashion as required by 8 U.S.C. § 1158(a)(2)(B). Thus, we may not consider whether the IJ accurately concluded that petitioner did not qualify as a derivative asylee under 8 U.S.C. § 1158(b)(3)(A), both because petitioner was not a "child" as defined by the statutory language, and because petitioner's application could not be considered derivative of his father's application in the absence of any evidence that his father's application

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

had ever been granted. Rather, we are foreclosed from reviewing that element of the BIA decision entirely. 8 U.S.C. § 1158(a)(3).

Petitioner argues that his due process rights were infringed by the BIA's "summary affirmance without opinion" of the IJ's decision that petitioner was not eligible for asylum. That contention has been expressly rejected by this court. *Falcon Carriche v. Ashcroft*, 335 F.3d 1009, 1014 (9th Cir.2003), *amended by* 350 F.3d 845 (9th Cir.2003).

PETITION DENIED.